UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL D. FORD,<br><br>        Plaintiff,<br><br>v.<br><br>SLYVESTER WILLIAMS,<br><br>        Defendant. | Case No. 1:24-cv-00532 JLT EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IFP APPLICATION BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION<br><br>(ECF No. 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Marcel D. Ford is a state prisoner proceeding *pro se* in this action filed on May 6, 2024. (ECF No. 1). On July 19, 2024, Plaintiff also filed an application to proceed *in forma pauperis* in this action. (ECF No. 7).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

**I.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

1

> relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

In addition, the Ninth Circuit has held that failure to file an amended complaint did "not negate the determination already made by the court that the complaint that [plaintiff] had filed . . . failed to state a claim," and therefore, counted as a "strike" under § 1915(g). *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017); *see also id.* at 1143 ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

Applying *Harris*, this Court has repeatedly held that voluntary dismissals after a finding that an inmate's complaint fails to state a claim are, in fact, strikes within the meaning of Section 1915(g). *Spencer v. Milan*, No. 1:20-CV-00682-JLT-GSA PC, 2024 WL 639907, at *10 (E.D. Cal. Feb. 16, 2024), *report and recommendation adopted*, 2024 WL 1155848 (E.D. Cal. Mar. 18, 2024); *Spencer v. Valdez*, No. 1:23-CV-00357-JLT-SAB (PC), 2024 WL 3512064, at *1 (E.D. Cal. July 8, 2024), *report and recommendation adopted*, No. 1:23-CV-00357 JLT SAB (PC), 2024 WL 3509622 (E.D. Cal. July 23, 2024). These voluntary dismissals are "effectively dismissals after failures to amend" and they "rang the PLRA bells of frivolous, malicious, or failure to state a claim." *Spencer*, No. 1:20-CV-00682-JLT-GSA PC, 2024 WL 639907, at *10 (citing *Harris*, 863 F.3d at 1142); *see also Wright v. Rodriguez*, No. 1:23-CV-01586 JLT GSA (PC), 2024 WL 4892026, at *2 (E.D. Cal. Nov. 26, 2024) (collecting cases that have held that "a voluntary dismissal after a finding that the plaintiff failed to state a claim qualifies as a strike" because "litigants should not be permitted to thwart the purposes of the PRLA through a voluntary dismissal.").

2

## II. ANALYSIS

### A. Strikes

Plaintiff filed this action on May 6, 2024. (ECF No. 1). The Court takes judicial notice[1] of the following four cases, each of which counts as a "strike": (1) *Ford v. Pitts*, No. 1:22-cv-01065-JLT-EPG (E.D. Cal.) (case dismissed on April 6, 2023, for failure to state a claim); (2) *Ford v. Fiori*, No. 1:23-cv-00950-ADA-BAM (E.D. Cal.) (case dismissed on August 18, 2023, for failure to exhaust apparent from the face of the complaint); (3) *Ford v. CCI State of California, et al.*, 2:21-cv-06667-DMG-MAR (C.D. Cal.) (case voluntary dismissed on October 27, 2021, after a finding that the complaint failed to state a claim); (4) *Ford v. Calipatria State Prison*, 2:21-cv-08723-DMG-MAR (C.D. Cal.) (case voluntary dismissed on January 26, 2022, after a finding that the complaint failed to state a claim).

### B. Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

---

[1] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1          Additionally, there is a nexus requirement between the danger alleged and the claims
2   asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes
3   prisoner must allege imminent danger of serious physical injury that is both fairly traceable to
4   unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th
5   692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger
6   determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at
7   1055.
8           Plaintiff's complaint alleges that between July and August of 2023, while he was
9   incarcerated at a different institution,[2] another inmate—defendant Slyvester Williams—used
10  Plaintiff's criminal case history blackmail Plaintiff into buying illegal drugs for him. (ECF No. 1
11  at 4). Defendant eventually told other inmates that Plaintiff had an R-suffix on his record and that
12  Plaintiff was a rapist. (*Id.*) Plaintiff alleges he is "very very nervous" because he "feel[s] like the
13  prey every single day," "very scared to be around other inmates," is "always on alert wondering if
    they know," and "can't sleep." (*Id.* at 4, 6).
14          Such allegations are insufficient to show that there is a real and imminent threat to
15  Plaintiff's personal safety under the standards described above. Plaintiff alleges only generalized
16  fear based on events that occurred at another institution and nearly a year prior to Plaintiff filing
17  his lawsuit. (ECF Nos. 1, 7, 9). Plaintiff is not and was not (at the time of filing) housed at Kern
18  Valley State Prison where the incidents giving rise to his complaint were alleged to have occurred
19  and where he alleges inmates aware of his "R" suffix are located. Therefore, there is no risk of a
20  physical attack at Kern Valley State Prison. The availability of the imminent danger exception
21  "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or
22  later time." *Andrews*, 493 F.3d at 1053, 1056; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.
23  2003); *see also Mills v. Jones*, No. 1:23-CV-01214-JLT-SAB (PC), 2024 WL 4445819, at *4
24  (E.D. Cal. Sept. 27, 2024), *report and recommendation adopted*, No. 1:23-CV-01214 JLT SAB
25  (PC), 2024 WL 4556590 (E.D. Cal. Oct. 23, 2024) (holding that plaintiff "has not satisfied the

---

26          [2] Plaintiff alleges that events giving rise to this case occurred at Kern Valley State Prison. (ECF
    No. 1 at 1). At the time of filing his complaint in May of 2024, Plaintiff was at LA County State Prison in
27  Lancaster, CA. (*Id.*) He then changed his address to Salinas Valley State Prison on June 12, 2024. (ECF
    No. 5). On August 16, 2024, Plaintiff filed another address change, advising the Court he is now
28  incarcerated at Mule Creek State Prison. (ECF No. 9).

imminent danger exception to three-strikes rule of § 1915(g)" because he was not located at the prison where the alleged events have occurred at the time of filing complaint); *Turner v. Allison*, No. 18-cv-02061-YGR (PR), 2019 WL 1230437, at *2 (N.D. Cal. Mar. 15, 2019) ("None of these alleged incidents of excessive force occurred at the prison[ ] where Plaintiff was incarcerated at the time he filed his complaint"); *Cruz v. Baker*, No. 1:18-CV-01641-LJO-SAB PC, 2018 WL 11241283, at *1 (E.D. Cal. Dec. 13, 2018) (finding past incidents of alleged excessive force by guard allegedly employed at former prison "do not meet the imminent physical danger exception under section 1915(g)"); *Bontemps v. Smith*, No. CV 15–8226-JFW (SP), 2016 WL 10894023, at *3 (C.D. Cal. Nov. 18, 2016) (finding a single incident of excessive force at another prison, occurring more than a year before filing insufficient to satisfy 28 U.S.C. Section 1915(g)'s exception for imminent danger of serious physical injury), *aff'd*, 708 F. App'x 360 (9th Cir. 2017); *Driver v. Pohovich*, No. 2:22-CV-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted*, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent danger exception where "[t]here [was] nothing in the complaint that would indicate plaintiff was under threat of imminent danger based on the excessive force incidents" alleged in the complaint that purportedly occurred about two months before filing the complaint).

Moreover, despite the events occurring between July and August of 2023, and his complaint being filed on May 6, 2024, Plaintiff does not allege that he suffered any physical injury as a result.[3] Plaintiff also does not allege any specific facts demonstrating ongoing serious physical injury or facts evidencing the likelihood of imminent serious physical injury.

The Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint.

---

[3] In a related case, Plaintiff accused Officer Fiori at Kern Valley State Prison of disseminating information about his "R" suffix. *See* Complaint, ECF No. 1, *Ford v. Fiori*, 1:23-cv-01676-JLT-EPG (E.D. Cal. Dec. 4, 2023). In that case, too, this Court found lack of physical injury and dismissed the case for failure to state a claim. *Ford v. Fiori*, No. 1:23-CV-01676-JLT-EPG (PC), 2024 WL 3205105, at *1 (E.D. Cal. June 26, 2024) ("Plaintiff cannot obtain damages for any mental or emotional injury without a showing of physical injury."), *report and recommendation adopted*, 2024 WL 3758790 (E.D. Cal. Aug. 12, 2024).

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

### III. CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 7).
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 21, 2025**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

6